UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CARPENTERS LABOR-MANAGEMENT )
PENSION FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
)
and )
)
DOUGLAS MCCARRON, RICHARD )
ARISPE, ALAN CHIL'COTE, as Trustees )   Case No.
of the CARPENTERS LABOR- )
MANAGEMENT PENSION FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
)
Plaintiffs, )
)
v. )
)
FREEMAN-CARDER LLC, a )
Massachusetts Limited Liability )
Company, )
20 Sun Street )
Waltham, Massachusetts 02453-4102 )
)
Defendant. )
)
_____ )

## COMPLAINT

Plaintiff , Carpenters Labor-Management Pension Fund ("Pension Fund'),

and Plaintiffs, Douglas McCarron, Richard Arispe, and Alan Chil'Coté

("Trustees'), in their capacities as fiduciaries with respect to the Pension Fund

(together, the "PLAINTIFFS"), by and through the undersigned counsel, on

knowledge and on information and belief, complain of FREEMAN-CARDER LLC,

a Massachusetts Limited Liability Company, ("DEFENDANT") as follows:

## JURISDICTION

1.     As to Claims One, Two, Three and Four, this action arises under Section 515

of the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. § 1145, Section 301 of the Labor-Management

Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and as a federal question under 28 U.S.C. § 1331. Pursuant to those provisions, and pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, jurisdiction over this action properly lies with this Court. Jurisdiction as to the Fifth Claim for Relief is pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

2.  Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Pension Fund is administered in the District of Columbia, and Article XIII, Section 13.5, of the Pension Fund's Trust Agreement provides that the District of Columbia shall be deemed the situs of the Pension Fund.

## PARTIES

3.  PLAINTIFF Pension Fund is a multiemployer pension benefit plan within the meaning of Sections 3(2), 3(37), 402, and 403 of ERISA, 29 U.S.C. §§ 1002(2), 1002(37), 1102 and 1103.

4.  PLAINTIFF Trustees are Trustees of the Pension Fund, and are fiduciaries with respect to such Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.  In accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 402 and 403 of ERISA, 29 U.S.C. §§ 1102 and 1103, the Pension Fund was established and is maintained pursuant to the Agreement and Declaration of Trust of the Carpenters Labor-Management Pension Fund (the "Trust Agreement"), originally made and entered into on September 22, 1971, and amended from time to time, to provide retirement benefits to eligible employees covered by collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America.

6.   The Trustees and the Pension Fund bring this action, in their respective capacities, under ERISA Sections 502(a)(3), 502(d)(1), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), 1132(d)(1), 1132(g)(2), and 1145.

7.   Upon information and belief, Defendant FREEMAN-CARDER, LLC, a Massachusetts Limited Liability Company, is a for-profit corporation incorporated under the laws of Massachusetts, and doing business in the State of Massachusetts, and has a principal place of business at 20 Sun Street, Waltham, Massachusetts.

8.   DEFENDANT is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in the carpentry trade, and is therefore in an industry affecting commerce within meaning of Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## ALLEGATIONS

9.   DEFENDANT is bound to a Collective Bargaining Agreement (the "CBA") between the Architectural Woodworkers Association of New England and Carpenters, Mill-Cabinet and Industrial Workers Local Union 51 of the New England Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America.

10.   Upon information and belief, DEFENDANT  has assumed certain reporting and contribution obligations relating to the CBA.

11.   The CBA sets forth the rate at which DEFENDANT agrees to make contributions to the Pension Fund on behalf of its employees.

12.   Pursuant to the CBA, DEFENDANT agrees to be bound by the Pension Fund's Trust Agreement and all procedures established pursuant to the Trust Agreement.

13.   Article V of the Trust Agreement sets forth the contribution obligations of participating Employers.

14.   Article V, Section 5.1 of the Trust Agreement requires an Employer, such as

DEFENDANT, to contribute to the Pension Fund the amount set forth in the applicable CBA.

15. Article V, Section 5.5 of the Trust Agreement requires an Employer to submit Employer's Monthly Report ("REPORTS") on contributions to the Pension Fund, and states that "[t]he Trustees may at any time have an audit made of the payroll and wage records of any Employer in connection with said contributions and/or reports."

16. Article V, Section 5.4 of the Trust Agreement provides that the Trustees may require an Employer that defaults in payment of any required contributions for thirty working days to pay a reasonable rate of interest, to be set by the Trustees, from the date the payment was due to the date the payment is made, and to pay such liquidated damages as the Trustees may set, together with all expenses incurred by the Trustees in collecting the unpaid contributions.

17. As authorized by Article V of the Trust Agreement, the Trustees have adopted certain procedures to monitor and enforce the reporting and contribution requirements of the CBA and the Trust Agreement (the "Collection Procedures").

18. Article III, paragraph (a) of the Collection Procedures provides that an Employer shall be considered delinquent if the Employer's Reports or contributions are not received by the Pension Fund by the first business day on or after the fifteenth day of the month, following the month in which the relevant hours were worked.

19. Article III, paragraph (c)(1) of the Collection Procedures specifies that the interest rate assessed by the Trustees on delinquent contributions shall be 1.5 percent per month.

20. Article III, paragraph (c)(4) of the Collection Procedures specifies that if legal action is taken against a delinquent Employer to collect delinquent contributions, the delinquent Employer shall be charged liquidated damages,

audit fees, attorneys' fees, and costs incurred by the Pension Fund.

21.    Article III, paragraph (c)(3) of the Collection Procedures specifies that
       liquidated damages shall equal the greater of $750, or 20 percent of the
       delinquent contributions.

22.    Article IV, paragraph (a) of the Collection Procedures provides that it is the
       policy of the Trustees to audit Employers to determine whether the
       Employers have satisfied their reporting and contribution obligations to the
       Pension Fund.

23.    Article IV, paragraph (e)(2) of the Collection Procedures specifies that if
       payment of delinquent contributions and interest is not made within thirty
       days of notification thereof, the costs of an audit will be charged to the
       Employer.

## FIRST CLAIM FOR DELINQUENT CONTRIBUTIONS AND OTHER RELIEF

24.    The allegations contained in paragraphs 1 through 23 are hereby incorporated
       as if stated in full.

25.    DEFENDANT failed to properly report and make contributions pursuant to
       the terms of the CBA and Trust Agreement.

26.    On or about June 29, 2006, the Pension Fund and DEFENDANT reached
       settlement regarding delinquent fringe benefit contributions owed to the
       Pension Fund. A true and correct copy of the settlement letter is attached as
       Exhibit "1".

27.    DEFENDANT made only three (3) payments pursuant to the settlement and
       has now defaulted on the agreement. DEFENDANT was notified as to the
       default. See true and correct copies of letters dated September 21, 2006 and
       October 19, 2006 attached as Exhibit "2" and "3".

28.    To date, DEFENDANT remains delinquent and has failed to pay any of the
       contribution deficiency, or any of the accrued interest, as required by the

terms and conditions of the CBA and the Trust Agreement.

29.   DEFENDANT's failure to comply with its contribution obligations under the CBA and Trust Agreement has resulted in DEFENDANT currently owing the Pension Fund the principal sum of $21,304.06.  In addition, interest is due on this amount.

30.   DEFENDANT's delinquency has also resulted in reasonable attorneys' fees and costs in bringing this action to enforce the Pension Fund's rights.

## SECOND CLAIM FOR RELIEF
## FOR INJUNCTIVE RELIEF

31.   PLAINTIFFS reallege and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 of its Complaint against DEFENDANT for Injunctive Relief as follows:

32.   ERISA Section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan. . . ."

33.   Additionally, Section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement".

34.   DEFENDANT has failed to submit REPORTS and/or remit full contributions to the Pension Fund for the period of August 2006 through present, and may fail to furnish REPORTS or remit contributions to the Pension Fund for subsequent months.

35.   As a result of the DEFENDANT's failure to pay contributions on the dates on which its contributions were due, DEFENDANT has become indebted to the Pension Fund for contributions, liquidated damages, and interest.

36.    DEFENDANT's failure to promptly pay its delinquencies to the Pension
Fund on the dates on which such contributions were due is a violation of the
Trust Agreement.

37.    DEFENDANT's delinquencies to PLAINTIFFS have occurred from
September 2004 and are continuing.

38.    DEFENDANT will continue to refuse or fail to timely pay contributions to
the Pension Fund and thereby create future unpaid delinquencies during the
remaining terms of the Trust Agreement.  Unless DEFENDANT is enjoined
from failing to make its contributions and restrained from incurring
delinquencies, the Pension Fund will suffer irreparable injury for which there
is no adequate remedy at law since, among other things, the Pension Fund
will be required to bring a multiplicity of actions at law to recover the
delinquencies as they occur, to the Pension Funds' great expense and
hardship.  Further, unless DEFENDANT is so enjoined, based on experiences
with other similarly situated employers, the Pension Fund have little prospect
of ever collecting on the additional delinquencies incurred as such employers
frequently petition for bankruptcy, dissolve or otherwise cease doing
business as a result of the financial difficulties involved in their
delinquencies, and the Pension Fund is unable thereafter to collect
delinquencies thus owing.

## THIRD CLAIM FOR RELIEF
## TO CONDUCT AN AUDIT

39.    PLAINTIFFS reallege and incorporates herein by reference each and every
allegation contained in paragraphs 1 through 38 of its Complaint against
DEFENDANT to conduct an Audit as follows:

40.    This action for Specific Performance arises and jurisdiction of the court is
founded on Section 301 of the Labor-Management Relations Act of 1947
("LMRA") (29 U.S.C. §185(a) and Section 502 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A §1132).

41. The Trust Agreement requires DEFENDANT to permit the Pension Fund to audit and copy all DEFENDANT's records to determine whether the DEFENDANT has made the appropriate contributions to the Pension Fund.

42. The Trust Agreement provides that the Pension Fund has the specific authority to examine DEFENDANT's job cost records to determine whether they are in compliance with their obligations under the agreement.

## FOURTH CLAIM FOR RELIEF
## FOR SPECIFIC PERFORMANCE FOR MISSING REPORTS

43. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 42 of its Complaint against DEFENDANT for Specific Performance for Missing Reports as follows:

44. This action for Specific Performance arises and jurisdiction of the court is founded on Section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C. §185(a) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A §1132).

45. The Trust Agreement requires DEFENDANT to complete and submit REPORTS stating the amount of contributions owed along with fringe benefit contributions to the Pension Fund.

46. The DEFENDANT has failed to submit REPORTS and contributions for the following period: August 2006 through present.

47. The Pension Fund has no adequate or speedy remedy at law, as the Pension Fund is unable to calculate the amount owing.

///

## FIFTH CLAIM FOR RELIEF
## FOR BREACH OF PROMISSORY NOTE

48.  PLAINTIFFS reallege and incorporates herein by reference each and every allegation contained in paragraphs 1 through 42 of its Complaint against DEFENDANT for Breach of Promissory Note as follows:

49.  On or about July 19, 2006, DEFENDANT, through its President, Dr. Steven L. Kurz, entered into a written Promissory Note ("PROMISSORY NOTE"), a true copy of which is attached hereto, marked Exhibit "4", and incorporated herein by reference.

50.  By this PROMISSORY NOTE, DEFENDANT promised that it would pay PLAINTIFFS the sum of $29,132.21, payable in nine (9) monthly installments of $3,228.76 with a final payment of $3,228.70 which included interest on the declining balance at the rate of ten per cent. Only three payments were made pursuant to the PROMISSORY NOTE.

51.  By letter dated October 19, 2006, notice of DEFENDANTS' default and demand for payment was sent to DEFENDANT. A true and correct copy is attached hereto, marked Exhibit "3", and incorporated herein by reference.

52.  PLAINTIFFS and PLAINTIFFS' assignors have complied with all conditions on their part to be performed under the terms of the PROMISSORY NOTE.

53.  DEFENDANT has failed to respond or in any other way comply with the terms of the PROMISSORY NOTE, with the exception of payments totaling $7,828.15.

54.  Attached as Exhibit "5" is a Breakdown showing the balance owing on the PROMISSORY NOTE after credit for all payments received.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

A.  An injunction enjoining DEFENDANT from violating the terms of the CBA and Trust Agreement;

B.  A judgment be entered against DEFENDANT for delinquencies owed to the

Pension Fund, in the amount of $21,304.06;

C.   A judgment for interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 1.5 percent per month, in accordance with the Trust Agreement and the Collection Procedures;

D.   A judgment for attorneys' fees, court costs, and other costs incurred in connection with this action;

E.   A judgment for submission and payment of unfiled reports, for the period of August 2006 to the present;

F.   That DEFENDANT be compelled to forthwith submit to completion of an audit of DEFENDANT's business records covering the period from August 2005 to the present by the Pension Fund's auditors;

G.   For the sum of $21,304.06 (breach of PROMISSORY NOTE);

H.   For interest from July 19, 2006, at the rate of 10% per year (breach of PROMISSORY NOTE);

I.   Such other further relief as the Court deems just and proper.

Dated: November 30, 2006

Brian F. Quinn, Esq. D.C. Bar No. 447619
a member of
DeCARLO, CONNOR & SHANLEY,
a Professional Corporation
101 Constitution Ave. N.W.
Tenth Floor
Washington, DC 20001
Telephone (202)589-1151
Telecopier (202)589-0105
Email: bquinn@deconsel.com

# Exhibit 1



Margaret R. Gifford, Esq.
Writer's e-mail: mgifford@deconsei.com

June 29, 2006

Via Facsimile and First Class Mail

Freeman-Carder, LLC
20 Sun Street
Waltham, Massachusetts  02453

Re:    Carpenters Labor-Management Pension Fund
        Freeman Carder - Acct. #0004702/0051A, Local No. 51
        Outstanding Delinquency: $29,132.21
        Period: September 2004, November 2004 through November 2005
        Delinquent/Missing Reports: December 2005 to present
        Our Legal File No. 13310/8584

Dear Contributing Employer:

The Delinquency Committee Trustees have accepted your offer to resolve the above matter. The settlement is as follows: On amount owed of $29,132.21, payments to be made in nine (9) monthly installments (due on the 15th day of each month) of $3,228.76 and a final payment of $3,228.70, including interest at 18% per year on the unpaid balance from July 15, 2006. As a condition of settlement, Freeman-Carder, LLC, has agreed to remain current on submission and payment of its reports pending completion of the payment plan.

Your first payment is due on or before July 15, 2006.

If any of your checks do not clear the bank, the payment plan will be considered to be in default and you may incur bank charges of $20.00 along with a $10.00 late charge. We will, however, give you ten days to cure this default by sending written notice to you.

Payments are to be made payable to Carpenters Labor-Management Pension Fund and sent to my attention. For your convenience, a copy of the amortization schedule is enclosed.

With respect to your Employer Monthly Reports, please continue sending them along with payment as indicated on the reports.

Freeman-Carder, LLC
June 29, 2006
Page 2

Finally, as part of the settlement, enclosed are the following documents: Personal Guarantee and Promissory Note. Both are to be signed by Dr. Steven L. Kurz and they both need to be notarized. Once they have been executed, please return the originals to our office. For your convenience, a self-addressed, stamped envelope is provided.

Please do not hesitate to contact me if you have any questions regarding the above.

Very truly yours,

DeCARLO & CONNOR,
a Professional Corporation

Margaret R. Gifford

MRG/ljm
opeiu 537
enclosures
cc:    Marian Henry, Administrator
       Gail Patton, Administrative Office
       Henry Welsh (Local Union 51)

Freeman-Carder LLC

$29,132.21 on May   1, 2006 at   18.000% with   10 Monthly Payments
360-day Year

| # | Payment Date | Total  Payment | Interest Amt | Principal Amt | Remaining Bal. |
|---|---|---|---|---|---|
| 1 | July 15, 2006 | 3,228.76 | 1,090.61 | 2,138.15 | 26,994.06 |
| 2 | Aug. 15, 2006 | 3,228.76 | 404.91 | 2,823.85 | 24,170.21 |
| 3 | Sep. 15, 2006 | 3,228.76 | 362.55 | 2,866.21 | 21,304.00 |
| 4 | Oct. 15, 2006 | 3,228.76 | 319.56 | 2,909.20 | 18,394.80 |
| 5 | Nov. 15, 2006 | 3,228.76 | 275.92 | 2,952.84 | 15,441.96 |
| 6 | Dec. 15, 2006 | 3,228.76 | 231.63 | 2,997.13 | 12,444.83 |
| | Annual Subtotal | 19,372.56 | 2,685.18 | 16,687.38 | |
| 7 | Jan. 15, 2007 | 3,228.76 | 186.67 | 3,042.09 | 9,402.74 |
| 8 | Feb. 15, 2007 | 3,228.76 | 141.04 | 3,087.72 | 6,315.02 |
| 9 | Mar. 15, 2007 | 3,228.76 | 94.73 | 3,134.03 | 3,180.99 |
| 10 | Apr. 15, 2007 | 3,228.70 | 47.71 | 3,180.99 | 0.00 |
| | Annual Subtotal | 12,914.98 | 470.15 | 12,444.83 | |
| | Totals | 32,287.54 | 3,155.33 | 29,132.21 | |

Freeman-Carder, LLC
Promissory Note
Page 1 of 2

## PROMISSORY NOTE

$29,132.21                                    _____, Massachusetts

18%                                           _____, 2006

FOR VALUE RECEIVED, Freeman-Carder, LLC, ("MAKER") promises to pay to CARPENTERS LABOR-MANAGEMENT PENSION FUND, ("FUND") C/O DeCARLO & CONNOR, at 533 South Fremont Avenue, Ninth Floor, Los Angeles, California 90071-1706, or at such other place as the holder may designate by written notice to the MAKER, the principal sum of $29,132.21 with interest from May 1, 2006, until paid at the rate of 18 percent per annum on the balance remaining from time to time unpaid. Principal and interest shall be due and payable in lawful money of the United States of America as follows:

(1)     Monthly installments of $3,228.76 or more, being both principal and interest, payment shall commence on the 15th day of July 2006, and be made on the 1st day of each month thereafter until the principal and interest are fully paid;

(2)     Payments which do not clear by the 20th of the month when due, incur a late charge of $10.00 (and may incur a bank charge of $20.00);

(3)     The payment plan will be considered in default if payment is not received by the 25th of the month when due, or if a monthly report is not timely received with payment; and

(4)     In the event of a default, the FUND shall be entitled to liquidated damages equal to $750 or 20% of the balance remaining (whichever is greater).

Each payment shall be credited first to interest then due, then to principal. MAKER has the right to prepay any amount of principal, including the entire balance, in advance without penalty, but maker must notify holder in writing of principal reductions.

If default occurs in the payment of any installment under this note when due, the entire principal sum and accrued interest shall at once become due and

Freeman-Carder, LLC
Promissory Note
Page 2 of 2

payable ten (10) days after written notice is sent by first class mail to the following
name and address: c/o Dr. Steven L. Kurz, Freeman-Carder, located at 20 Sun
Street, Waltham, Massachusetts 02453, at the option of the holder of this note.

Failure to exercise such option shall not constitute a waiver of the right to
exercise it in the event of any subsequent default.

MAKER agrees to pay the following costs, expenses, and attorney's fees
paid or incurred by the holder of this note, or adjudged by a court: (1) Reasonable
costs of collection, costs, and expenses, and attorney's fees paid or incurred in
connection with the collection or enforcement of this note, whether or not suit is
filed; and (2) costs of suit and such sum as the court may adjudge as attorney's
fees in any action to enforce payment of this note or any part of it.

Dated:_____, 2006

_____
FREEMAN-CARDER, LLC.
By: DR. STEVEN L. KURZ
Title: President

STATE OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of _____ 2006, before me,
_____, Notary Public, personally appeared DR.
STEVEN L. KURZ, proved to me on the basis of satisfactory evidence to be the
person whose name is subscribed to the within instrument and acknowledged to
me that he executed the same in his authorized capacity, and that by his signature
on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public

Freeman-Carder, LLC
Personal Guarantee
Page 1 of 2

## PERSONAL GUARANTEE

$29,132.21                                    _____, Massachusetts

18% interest per year                         _____, 2006


FOR VALUE RECEIVED, the undersigned, DR. STEVEN L. KURZ, ("MAKER") promises to pay to CARPENTERS LABOR-MANAGEMENT PENSION FUND, ("FUND"), C/O DeCARLO & CONNOR, at 533 South Fremont Avenue, Ninth Floor, Los Angeles, California 90071-1706, or at such other place as the holder may designate by written notice to the maker, the principal sum of $29,132.21 to be paid with interest from May 1, 2006, until paid at the rate of 18 percent per year on the balance remaining from time to time unpaid. Principal and interest shall be due and payable in lawful money of the United States of America as follows:

(1)    Nine (9) monthly installments of $3,228.76 or more, and a final installment of $3,228.70. Payment shall commence on July 15, 2006, and be made on the 15th day of each month thereafter until the principal and interest are fully paid;

(2)    Payments that do not clear the bank incur bank charges of $20.00 along with a $10.00 late charge and automatic default.

(3)    In the event of a default, the Fund shall be entitled to liquidated damages equal to $750 or 20% of the balance remaining (whichever is greater).

Each payment shall be credited first to interest then due, then to principal. MAKER has the right to prepay any amount of principal, including the entire

Freeman-Carder, LLC
Personal Guarantee
Page 2 of 2

balance, in advance without penalty, but maker must notify holder in writing of principal reductions.

If default occurs in the payment of any installment under this note when due, the entire principal sum and accrued interest shall at once become due and payable ten (10) days after written notice is sent by first class mail to the following name and address: c/o Dr. Steven L. Kurz, Freeman-Carder, LLC, located at 20 Sun Street, Waltham, Massachusetts 02453, at the option of the holder of this note.

Failure to exercise such option shall not constitute a waiver of the right to exercise it in the event of any subsequent default.

MAKER agrees to pay any reasonable attorneys' fees and/or costs of suit which a court, in its discretion, determines to be owed in any civil litigation to enforce payment of this note, or any part of it.

_____

DR. STEVEN I. KURZ

STATE OF MASSACHUSETTS

COUNTY OF _____

On _____, 2006, before me, _____ _____,
Notary Public, personally appeared DR. STEVEN L. KURZ, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____

Notary Public

Exhibit 2



**DeCARLO
CONNOR
SHANLEY**
ATTORNEYS AT LAW

Margaret R. Gifford, Esq.
Writer's e-mail: mgifford@deconsel.com

September 21, 2006

<u>Via Facsimile and First Class Mail</u>

Freeman-Carder, LLC
20 Sun Street
Waltham, Massachusetts 02453

      Re:    Carpenters Labor-Management Pension Fund
              Freeman-Carder - Acct. #0004702/0051A, Local No. 51
              Outstanding Delinquency: $29,132.21
              Period: September 2004, November 2004 through November 2005
              Delinquent/Missing Reports: December 2005 to present
              Our Legal File No. 13310/8584

Dear Contributing Employer:

        As of today, we have not received your payment of $3,228.76 (on the payment plan) which was due on September 15, 2006.

        In addition, our client has advised that your August 2006 report with payment has not been received.

        Pursuant to the settlement reached in this matter, you are considered in default of the settlement. You have ten (10) days from the date of this letter to cure the default. If the default is not cured, we will proceed accordingly.

        Your immediate cooperation is required.

                        Very truly yours,

                        DeCARLO, CONNOR & SHANLEY
                        a Professional Corporation

                        *Margaret R. Gifford*
                        Margaret R. Gifford

MRG/ljm
opeiu 537
cc:    Marian Henry
        Gail Patton
        Henry Welsh (Local Union 51)

DeCARLO, CONNOR & SHANLEY
A PROFESSIONAL CORPORATION
533 SOUTH FREMONT AVENUE, 9TH FLOOR • LOS ANGELES, CALIFORNIA 90071-1706 • (213) 488-4100 • Fax: (213) 488-4180
Los Angeles • Washington, D.C.

Exhibit 3



# DeCARLO
# CONNOR
# SHANLEY
ATTORNEYS AT LAW

Margaret R. Gifford, Esq.
Writer's e-mail: mgifford@deconsel.com

October 19, 2006

Via Facsimile and First Class Mail

Freeman-Carder, LLC
20 Sun Street
Waltham, Massachusetts 02453

Re:    Carpenters Labor-Management Pension Fund
       Freeman Carder - Acct. #0004702/0051A, Local No. 51
       Outstanding Delinquency: $29,132.21
       Period: September 2004, November 2004 through November 2005
       Delinquent/Missing Reports: December 2005 to present
       Our Legal File No. 13310/8584

Dear Contributing Employer:

We are in receipt of your September 2006 payment in the sum of $3,228.70. This payment is being processed as follows:

| Payment Received | $ 3,228.70 |
| Applied to Interest | $ 362.55 |
| Applied to Principal | $ 2,866.21 |
| Balance Owing | $21,304.00 |

(The above payment is short 6¢).

Your October payment in the sum of $3,228.76 has not been received. In addition, our client has also informed us that your August 2006 and September 2006 reports are still owing. Accordingly, you remain in default of the settlement.

Your immediate cooperation is required.

Very truly yours,

DeCARLO, CONNOR & SHANLEY
a Professional Corporation

Margaret R. Gifford
MARGARET R. GIFFORD

MRG/ljm
enclosure
cc:    Marian Henry
       Gail Patton (w/check enclosed)
       Henry Welsh (Local Union 51)

DeCARLO, CONNOR & SHANLEY
A PROFESSIONAL CORPORATION

533 SOUTH FREMONT AVENUE, 9TH FLOOR • LOS ANGELES, CALIFORNIA 90071-1706 • (213) 488-4100 • Fax: (213) 488-4180

Los Angeles • Washington, D.C.

Exhibit 4

Freeman-Carder, LLC
Promissory Note
Page 1 of 2

## PROMISSORY NOTE

$29,132.21                                  Waltham _____, Massachusetts

18%                                              7/19 _____, 2006

FOR VALUE RECEIVED, Freeman-Carder, LLC, ("MAKER") promises to pay to CARPENTERS LABOR-MANAGEMENT PENSION FUND, ("FUND") C/O DeCARLO & CONNOR, at 533 South Fremont Avenue, Ninth Floor, Los Angeles, California 90071-1706, or at such other place as the holder may designate by written notice to the MAKER, the principal sum of $29,132.21 with interest from May 1, 2006, until paid at the rate of 18 percent per annum on the balance remaining from time to time unpaid. Principal and interest shall be due and payable in lawful money of the United States of America as follows:

(1) Monthly installments of $3,228.76 or more, being both principal and interest, payment shall commence on the 15th day of July 2006, and be made on the 1st day of each month thereafter until the principal and interest are fully paid;

(2) Payments which do not clear by the 20th of the month when due, incur a late charge of $10.00 (and may incur a bank charge of $20.00);

(3) The payment plan will be considered in default if payment is not received by the 25th of the month when due, or if a monthly report is not timely received with payment; and

(4) In the event of a default, the FUND shall be entitled to liquidated damages equal to $750 or 20% of the balance remaining (whichever is greater).

Each payment shall be credited first to interest then due, then to principal. MAKER has the right to prepay any amount of principal, including the entire balance, in advance without penalty, but maker must notify holder in writing of principal reductions.

If default occurs in the payment of any installment under this note when due, the entire principal sum and accrued interest shall at once become due and

Freeman-Carder, LLC
Promissory Note
Page 2 of 2

payable ten (10) days after written notice is sent by first class mail to the following name and address: c/o Dr. Steven L. Kurz, Freeman-Carder, located at 20 Sun Street, Waltham, Massachusetts 02453, at the option of the holder of this note.

Failure to exercise such option shall not constitute a waiver of the right to exercise it in the event of any subsequent default.

MAKER agrees to pay the following costs, expenses, and attorney's fees paid or incurred by the holder of this note, or adjudged by a court: (1) Reasonable costs of collection, costs, and expenses, and attorney's fees paid or incurred in connection with the collection or enforcement of this note, whether or not suit is filed; and (2) costs of suit and such sum as the court may adjudge as attorney's fees in any action to enforce payment of this note or any part of it.

Dated: ___7/19___, 2006

FREEMAN-CARDER, LLC.
By: DR. STEVEN L. KURZ
Title: President


STATE OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of _____ 2006, before me, _____, Notary Public, personally appeared DR. STEVEN L. KURZ, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.


_____
Notary Public

Exhibit 5

FREEMAN-CARDER, LLC
Acct. #0004702/0051A, Local No. 51

## SETTLEMENT OF $29,132.21

| PAYMENT DATE | TOTAL PAYMENT | INTEREST AMOUNT | PRINCIPAL AMOUNT | REMAINING BALANCE |
|---|---|---|---|---|
| July 15, 2006 | $3,228.76 | $1,090.61 | $2,138.15 | $26,994.06 |
| August 15, 2006 | $3,228.76 | $404.91 | $2,823.85 | $24,170.21 |
| September 15, 2006* | $3,228.70 | $362.55 | $2,866.15 | $21,304.06 |
| | | | | |
| **TOTAL** | $9,686.22 | $1,858.07 | $7,828.15 | |

**BALANCE DUE ON THE PROMISSORY NOTE:  $21,304.06**

*Defendant's payment was short .06 so we added this amount to the
balance owed.

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Carpenters Labor-Management Pension Fund, and Douglas McCarron, Richard Arispe, Alan Chil'cote, as Trustees of the Carpenters Labor-Management Pension Fund | Freeman-Carder, LLC, a Massachusetts Limited Liability Company, 20 Sun Street, Waltham, MA 02453-4102 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES) _N001_

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Brian F. Quinn, Esq.
DeCarlo, Connor & Shanley, P.C.
101 Constitution Avenue, N.W., 10th Floor
Washington, D.C. 20001
(202) 589-1151

ATTORNEYS (IF KNOWN)

CASE NUMBER 1:06CV02069

JUDGE: Ricardo M. Urbina

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 12/04/2006

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP...**
FOR PLAIN...

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil |
|---|---|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

○

| ○ **G. Habeas Corpus/** **2255** | ○ **H. Employment** **Discrimination** | ○ **I. FOIA/PRIVACY** **ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA** **(non-employment)** | ○ **L. Other Civil Rights** **(non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Sec. 515, ERISA, 29 U.S.C. Sec. 1145, Sec. 301, LMRA, 29 U.S.C. Sec. 185, breach of contract, failure to make contributions

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ $21,304.06 +    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  November 30, 2006    SIGNATURE OF ATTORNEY OF RECORD  *Brian H. Quinn*

*12-4-06*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.