## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CARPENTERS LABOR-
MANAGEMENT PENSION FUND,
101 Constitution Avenue, N.W.
Washington, D.C. 20001

    and

DOUGLAS MCCARRON, RICHARD
ARISPE, ALAN CHIL'COTE, as
Trustees of the CARPENTERS LABOR-
MANAGEMENT PENSION FUND,
101 Constitution Avenue, N.W.
Washington, D.C. 20001

        Plaintiffs,

        v.

FREEMAN-CARDER, LLC, a
Massachusetts Limited Liability
Company,
20 Sun Street
Waltham, MA

        Defendant.

Case No. 1:06CV02069-RMU

Judge: Ricardo M. Urbina

Date Complaint filed:
    December 4, 2006

## MOTION FOR DEFAULT JUDGMENT

Plaintiffs Carpenters Labor-Management Pension Fund ("Pension Fund"),

Douglas McCarron, Richard Arispe, Alan Chil'cote, as Trustees of the Pension

Fund (collectively, "PLAINTIFFS"), by and through counsel, respectfully move

this Court for Judgment by Default, pursuant to Federal Rule of Civil Procedure

55(b), and request the relief requested in the Complaint.

On December 4, 2006, PLAINTIFFS filed this action against FREEMAN-

CARDER, LLC, a Massachusetts Limited Liability Company, ("DEFENDANT")

to collect delinquent contributions, liquidated damages, interest, and other relief

under Sections 502 and 515 of the Employee Retirement Income Security Act of

1974, as amended ("ERISA"), 29 U. S.C. §§ 1132 and 1115, and Section 301 of

the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185. DEFENDANT was properly served by serving supervisor Vincenzo Monaco, agent authorized to accept service on behalf of DEFENDANT, with a copy of the Summons and Complaint on December 27, 2006. A copy of the Return of Service was filed in this Court. More than twenty days have expired since DEFENDANT was served with the Summons and Complaint. On February 13, 2007, the Clerk of the United States District Court for the District of Columbia executed an Entry of Default.

In support of this Motion, PLAINTIFFS file a Memorandum In Support Of Default Judgment, with supporting affidavits and documents attached thereto. PLAINTIFFS submit the affidavit (with supporting documents) of Vickie Cheney, Administrative Assistant of the Pension Fund, in support of the contributions and related amounts owed thereto, the affidavits of Brian Quinn and Margaret R. Gifford (with supporting documents) in support of attorneys' fees under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

There being no just reason for delay, PLAINTIFFS request judgment against DEFENDANT. PLAINTIFFS request that the Court enter judgment in their favor in the amount of $57,055.77, which includes: $21,304.00 balance of the settlement; $2,087.40 interest on the unpaid settlement as of March 31, 2007, $21,852.39 in contributions owed the Pension Fund by DEFENDANT for the period August 2006 through February 2007; liquidated damages in the amount of $4,995.90; and interest on the unpaid contributions as of March 31, 2007 in the sum of $1,241.08, assessed at the rate of 1.5 percent per month, in accordance with the Pension Fund's Trust Agreement and Collection Procedures, from the date the contributions became due and continuing to accrue at 1.5 percent per month until paid; and reasonable attorneys' fees in the amount of $5,575.00. PLAINTIFFS are entitled to these amounts by the terms of DEFENDANT's collective bargaining agreement, and under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

PLAINTIFFS further request that the Court enter judgment enjoining DEFENDANT from failing to file monthly reports with accompanying pension contributions, and ordering DEFENDANT to submit to an audit of the time periods covered by the CBA, but not covered by this action, and enter a judgment, upon proof to the Court, of the amounts revealed by such audit.

A proposed Order reflecting these amounts is included for the Court's consideration.

DATED:     June 22, 2007                    Respectfully submitted,

Brian F. Quinn, Esq. D.C.Bar No. 447619
a member of
DeCARLO, CONNOR & SHANLEY
A Professional Corporation
101 Constitution Avenue, N.W.
Tenth Floor
Washington, D.C. 20001
Telephone (202) 589-1151
Telecopier (202) 589-0105
Email: bquinn@deconsel.com

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

CARPENTERS LABOR-
MANAGEMENT PENSION FUND,
101 Constitution Avenue, N.W.
Washington, D.C. 20001

     and

DOUGLAS MCCARRON, RICHARD
ARISPE, ALAN CHIL'COTE, as
Trustees of the CARPENTERS LABOR-
MANAGEMENT PENSION FUND,
101 Constitution Avenue, N.W.
Washington, D.C. 20001

          Plaintiffs,

          v.

FREEMAN-CARDER, LLC, a
Massachusetts Limited Liability
Company,
20 Sun Street
Waltham, MA

          Defendant.

Case No. 1:06CV02069-RMU

Judge: Ricardo M. Urbina

Date Complaint filed:
    December 4, 2006

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## DEFAULT JUDGMENT

    Plaintiff Carpenters Labor-Management Pension Fund ("Pension Fund"),
Douglas McCarron, Richard Arispe, Alan Chil'cote ("TRUSTEES"), as Trustees
of the Pension Fund, in their capacities as fiduciaries with respect to the Pension
Fund (collectively, "PLAINTIFFS"), by and through counsel, submit this
Memorandum in support of their Motion for Default Judgment,

### I.   Introduction

    Defendant FREEMAN-CARDER, LLC, a Massachusetts Limited Liability
Company, ("DEFENDANT"), is located in Waltham, Massachusetts and employs
members of the United Brotherhood of Carpenters and Joiners of America

("Carpenters"). Compl. ¶¶ 7-8, Cheney Aff. ¶ 2. DEFENDANT is signatory to a Collective Bargaining Agreement ("CBA") with Carpenters, Mill-Cabinet & Industrial Workers Local Union 51, which provides, among other things, that DEFENDANT will make contributions to the Pension Fund, a multiemployer pension benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to provide retirement benefits for its employees. Compl. ¶ 9, Cheney Aff. ¶ 2. In becoming signatory to the CBA, DEFENDANT agreed to be bound by the Pension Fund's Agreement and Declaration of Trust (the "Trust Agreement"), and all procedures established pursuant thereto. Compl. ¶ 12; Cheney Aff. ¶ 3. Article V, Section 5.5 of the Trust Agreement requires Employers, such as DEFENDANT, to submit to an audit of their contribution and reporting obligations upon the Trustees' request. Compl. ¶ 15, Cheney Aff. ¶ 4. On or about June 29, 2006, PLAINTIFFS and DEFENDANT entered into a settlement agreement regarding delinquent fringe benefits owed by DEFENDANT. Compl. ¶ 26, Cheney Aff. ¶ 6. DEFENDANT made three (3) payments on the payment plan and was notified that it was in default. Compl. ¶ 27, Cheney Aff. ¶ 7. The balance owing on the payment plan is $21,304.06, plus interest. Compl. ¶ 29, Cheney Aff. ¶ 7. At the time the complaint was filed in this matter, DEFENDANT had failed to submit its monthly reports for the period August 2006 to the present. Compl. ¶ 34, Cheney Aff. ¶ 8. Subsequent to the filing of the complaint, DEFENDANT submitted its monthly reports for the period August 2006 through February 2007 without payment for the fringe benefit contributions. The delinquent contributions for the period August 2006 through February 2007 total $21,852.39. Cheney Aff. ¶ 10.

On December 4, 2006, PLAINTIFFS filed a Complaint in this Court against DEFENDANT seeking: $21,304.06 for breach of the settlement agreement and breach of the promissory note, interest on the balance of the settlement at the rate set by the Trustees of the Pension Fund, reasonable attorneys' fees and costs in

2

bringing this action; an injunction barring DEFENDANT from violating the terms of its CBA; an Order requiring DEFENDANT to submit to a second audit to determine if additional contributions (for the period subsequent to that examined during the original audit) are owed to the Pension Fund; an Order requiring DEFENDANT to submit its monthly reports with payment; and such other relief the Court deems just and proper. Compl. ¶¶ A-I. PLAINTIFFS served DEFENDANT with a copy of the Summons and Complaint on December 27, 2006, and subsequently filed the Return of Service with the Court. After DEFENDANT failed to respond to the Complaint for more than twenty days, PLAINTIFFS filed a Request to Enter of Default on February 12, 2007. On February 13, 2007, the Clerk of this Court entered the Default of DEFENDANT

## II.   Judgment Should Be Entered For The Unpaid Contributions And Other Sums Certain

Courts have discretion to enter default judgment when a defendant fails to plead or otherwise defend an action. Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 375 n.5 (D.C. Cir. 1980); Fed. R. Civ. P. 55(b). A defendant who defaults is deemed to admit every well pleaded allegation in the complaint. Flynn v. Mastro Masonry Contractors, 237 F. Supp. 2d 66, 69 (D.D.C. 2002). ERISA Section 502(g)(2) sets forth the relief for which an employee benefit plan may recover against an employer who fails to make required contributions to a multiemployer plan. 29 U.S.C. § 1132(g)(2). In a default judgment action for relief under ERISA Section 502(g)(2), unpaid contributions, interest on the unpaid contributions and liquidated damages are considered "sums certain". Combs v. Coal & Mineral Management Services, Inc., 105 F.R.D. 472, 474 (D.D.C. 1984). If a plaintiff proves its entitlement to the requested damages, and the relief requested is a sum certain, the court need not make an independent determination of the sum to be awarded. Flynn, 237 F. Supp. 2d at 69.

As DEFENDANT has failed to appear or otherwise defend itself in this

action, the Court should deem the allegations pled in the Complaint as admitted and enter Default Judgment against DEFENDANT. The Affidavit of Vickie Cheney and attached supporting documents detail the amounts requested in the Complaint and Motion For Default Judgment. Article 6 of DEFENDANT's CBA sets forth the schedule of contributions at which DEFENDANT is required to make to the Pension Fund. Cheney Aff. ¶ 3. DEFENDANT entered into a settlement agreement with PLAINTIFFS to resolve the known unpaid delinquencies. The terms of the settlement were that DEFENDANT would pay $29,132.21 in nine monthly installments of $3,228.76 and a final payment of $3,228.70, including interest at 18% per year on the unpaid balance. DEFENDANT made three (3) payments and is in default on the settlement. The balance owing on the settlement is $21,304.00, plus $2,087.40 in interest from September 15, 2006 to March 31, 2007. Additionally, DEFENDANT has submitted its monthly reports for the period August 2006 through February 2007 without payment for the fringe benefit contributions in the amount of $21,852.39. Cheney Aff. ¶¶ 8 & 10. The Pension Fund's Trust Agreement allows the Trustees to set a reasonable rate of interest to be charged if Employers are delinquent in their contributions. The Trustees have set this rate at 1.5 percent per month in procedures adopted pursuant to the Trust Agreement (the "Collection Policy"). Cheney Aff. ¶ 13. In accordance with the Collection Policy, the interest due on the delinquent contributions is $1,214.08, as of March 31, 2007. Cheney Aff. ¶13. Pursuant to the Collection Policy, the Trustees have set liquidated damages at twenty percent of the unpaid contributions, or $750, whichever is greater. Cheney Aff . ¶ 12. In this case, the greater amount is twenty percent of the unpaid contributions, which totals $4,995.04. Cheney Aff. ¶12. Therefore, the Court should enter judgment for the following sums certain: $21,304.00 balance of the settlement; $2,087.40 in interest on the unpaid settlement as of March 31, 2007; $21,852.39 in unpaid contributions; $1,241.08 in interest on the unpaid

contributions as of March 31, 2007; and $4,995.04 in liquidated damages.

## III.  Judgment Should Be Entered For Reasonable Attorneys' Fees And Costs

ERISA Section 502(g)(2)(D) provides for the recovery of "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D).  In enacting ERISA Section 502(g)(2), Congress "made the award of attorney fees mandatory for suits involving delinquent employers."  Iron Workers Dist. Council of W. N.Y. & Vicinity Welfare & Pension Finis v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1506 (2d Cir. 1995).  While the "reasonableness of the fees requested by the [plaintiff] is a 'judgment call' which only the Court can make ," Combs, 105 F.R.D. at 475, "[t]he intent of this section is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies."  Cent. States, Southeast & Southwest Areas Pension Fund v. Alco Express Co., 522 F. Supp. 919, 928 (E.D. Mich. 1981) (quoting Senate legislative history).  Costs, however, "shall be allowed as of course to the prevailing party."  Fed. R. Civ. P. 54(d)(1).

As described in the Affidavits of Brian Quinn, Margaret R. Gifford and Roberta Olson, and detailed in the itemization of attorneys' fees attached thereto, $5,575.00 in legal services were rendered on behalf of PLAINTIFFS in pursuing this claim against DEFENDANT.  Quinn Aft. ¶ 4, Gifford Aft. ¶ 3 and Olson Aft. ¶ 2.  Thus, in accordance with ERISA Section 502(g)(2)(D) and Article IV(A) of the Pension Fund's Administrative Procedures, which states that "[a]ny Contributing Employer, against whom legal action is taken to collect delinquent contributions, shall be charged ... attorneys' fees . . . incurred by the Fund in taking such legal action", and as further supported by the Collection Policy, Art. III (c)(1), DEFENDANT owes this amount in attorneys' fees to Plaintiff.  Therefore, the Court should enter Judgment in the amount of $5,575.00 for attorneys' fees.

## IV.  The Court Should Grant PLAINTIFFS' Request For Other Legal And

### Equitable Relief

ERISA Section 515 provides that "[e]very employer who is obligated to make contributions to a multi-employer plan ...shall...make such contributions in accordance with the terms and conditions of such plan." If the employer fails to do so, a prevailing plaintiff may recover "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). Injunctions against further violating the terms of the collective bargaining agreement, and compelling a delinquent employer to submit to an audit, are equitable remedies commonly granted under ERISA Section 515 to obviate the need to return to court to enforce the same provisions of the benefit plan against the same conduct already at issue. See, e.g. Flynn, 237 F. Supp. 2d at 70 (holding that Section 502(g)(2)(3) "relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records"); Nat'l Shopmen Pension Fund v. Burtman Iron Works, Inc., 148 F. Supp. 2d 60, 67 (D.D.C. 2001) (enjoining defendants "from failing to submit required contributions and remittance reports in accordance with the [collective bargaining] agreement").

Based on the foregoing, this Court should grant the remaining relief requested in the Complaint, namely, an Entry of Judgment for the delinquencies based on the subsequently submitted reports, an injunction against further violations of CBA by DEFENDANT, an Order requiring DEFENDANT to submit to an audit for the time periods covered by the CBA which have not yet been audited by the Pension Fund, and to remit the unpaid contributions, if any, discovered in that audit. Compl. ¶¶ A-I. To avoid the need to return to court to enforce the Pension Fund's rights under similar circumstances, the Court should issue an injunction barring DEFENDANT from further violating the terms of its CBA. Additionally, as DEFENDANT has failed to remit a significant amount of contributions for the time period at issue in this case, it is appropriate for the Court to issue an order compelling DEFENDANT to submit to an audit, and to pay any

6

discovered contribution deficiency, for the time periods under the CBA that have not yet been audited. Therefore, consistent with the Pension Fund's Trust Agreement and the procedures and policies adopted thereto, and as allowed by ERISA Section 502(g )(2)(E), the Court should enter judgment against DEFENDANT in the amounts previously stated, issue an injunction barring DEFENDANT from further failing to submit timely monthly reports with the required contributions, and order DEFENDANT to submit to a second audit, as well as remit such contributions revealed by such audit.

## V.  **Conclusion**

For the foregoing reasons, the Court should grant PLAINTIFFS' Motion For Default Judgment and award the Pension Fund judgment for the amount of $57,055.77, which consists of: $21,304.00 balance of the settlement; $2,087.40 in interest on the unpaid settlement as of March 31, 2007; $21,852.39 in unpaid contributions; $4,995.04 in liquidated damages; $1,241.08 in interest on the unpaid contributions as of March 31, 2007; and reasonable attorneys' fees in the amount of $5,575.00. Plaintiff further requests that the Court enjoin DEFENDANT from failing to file monthly reports with accompanying pension contributions, and order DEFENDANT to submit to an audit of the time periods covered by the CBA, but not covered by this action, and enter a judgment, upon proof to the Court, of the amounts revealed by such audit.

DATED: June 22, 2007                    Respectfully submitted,

*Brian F. Quinn*

Brian F. Quinn, Esq. D.C.Bar No. 447619
a member of
DeCARLO, CONNOR & SHANLEY
A Professional Corporation
101 Constitution Avenue, N.W.
Tenth Floor
Washington, D.C. 20001
Telephone (202) 589-1151
Telecopier (202) 589-0105
Email: bquinn@deconsel.com

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CARPENTERS LABOR-
MANAGEMENT PENSION FUND,
101 Constitution Avenue, N.W.
Washington, D.C. 20001

      and

DOUGLAS MCCARRON, RICHARD
ARISPE, ALAN CHIL'COTE, as
Trustees of the CARPENTERS LABOR-
MANAGEMENT PENSION FUND,
101 Constitution Avenue, N.W.
Washington, D.C. 20001

      Plaintiffs,

      v.

FREEMAN-CARDER, LLC, a
Massachusetts Limited Liability
Company,
20 Sun Street
Waltham, MA

      Defendant.

Case No. 1:06CV02069-RMU

Judge: Ricardo M. Urbina

Date Complaint filed:
    December 4, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing PLAINTIFFS'

MOTION FOR DEFAULT JUDGMENT and PLAINTIFFS' MEMORANDUM IN

SUPPORT OF DEFAULT JUDGMENT was served by overnight mail on this

22ⁿᵈ day of June, 2007 to:

      Freeman-Carder, LLC
      20 Sun Street
      Waltham, MA 02453

DATED:    June 22, 2007

                          Denise Cooper
                          DeCARLO, CONNOR & SHANLEY
                          A Professional Corporation
                          101 Constitution Avenue, N.W., Tenth Fl.
                          Washington, D.C. 20001
                          Telephone (202) 589-1151
                          Telecopier (202) 589-0105
                          Email: bquinn@deconsel.com