UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CARPENTERS LABOR-MANAGEMENT PENSION FUND, 101 Constitution Avenue, N.W. Washington, D.C. 20001<br><br>and<br><br>DOUGLAS MCCARRON, RICHARD ARISPE, ALAN CHIL'COTE, as Trustees of the CARPENTERS LABOR-MANAGEMENT PENSION FUND, 101 Constitution Avenue, N.W. Washington, D.C. 20001<br><br>Plaintiffs,<br><br>v.<br><br>FREEMAN-CARDER, LLC, a Massachusetts Limited Liability Company, 20 Sun Street Waltham, MA<br><br>Defendant. | Case No. 1:06CV02069-RMU<br><br>Judge: Ricardo M. Urbina<br><br>Date Complaint filed: December 4, 2006 |

## ORDER

After Defendant FREEMAN-CARDER, LLC, a Massachusetts Limited Liability Company, ("DEFENDANT") failed to answer or otherwise respond to the Complaint, Plaintiffs Carpenters Labor-Management Pension Fund ("Pension Fund"), and Douglas McCarron, Richard Arispe, Alan Chil'cote, ("TRUSTEES"), as Trustees of the Pension Fund, in their capacities as fiduciaries with respect to the Pension Fund (collectively, "PLAINTIFFS"), requested and received an Entry of Default on February 13, 2007. PLAINTIFFS are moving for Default Judgment pursuant to Federal Rule of Civil Procedure 55.

The Court, having read the pleadings and papers filed in this action, and having determined that the allegations of PLAINTIFFS' Complaint have been admitted, and upon consideration of the facts and law relating to PLAINTIFFS'

request for relief, finds that DEFENDANT is indebted to PLAINTIFFS in the sum of $57,055.77. This amount includes: $21,304.00 balance of the settlement; $2,087.40 interest on the unpaid settlement, $21,852.39 in contributions owed the Pension Fund by DEFENDANT for the period August 2006 through February 2007; liquidated damages in the amount of $4,995.90; interest as of March 31, 2007, in the sum of $1,241.08; and reasonable attorneys' fees in the amount of $5,575.00. PLAINTIFFS are entitled to such amounts pursuant to 29 U.S.C. § 1132(g)(2).

    **IT IS THEREFORE ORDERED** that:

    A.    PLAINTIFFS' Motion For Default Judgment is GRANTED;

    B.    Judgment is entered in favor of PLAINTIFFS against DEFENDANT in the amount of $57,055.77, with post judgment interest at the legal rate of _____ until paid;

    C.    DEFENDANT shall submit to an audit, and produce for inspection and/or copying all records that PLAINTIFFS' auditors determine necessary to conduct such audit, for the time period covered by the collective bargaining agreement at issue in this action;

    D.    Further judgment be entered in favor of PLAINTIFFS against DEFENDANT in the amount determined under Section C above, including liquidated damages, interest, and audit costs, as provided for, and consistent with, the Pension Fund's collection procedures, and upon providing proper proof of such amount to this Court;

////

////

////

E.   DEFENDANT shall file complete and timely monthly reports, with accompanying pension contributions, for all periods for which the collective bargaining agreement requires DEFENDANT to do so.

PLAINTIFFS are allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

**IT IS SO ORDERED.**

RICARDO M. URBINA
United States District Judge