UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CARPENTERS LABOR-MANAGEMENT PENSION FUND *et al.*, | : : : | | |
| Plaintiffs, | : : | Civil Action No.: | 06-2069 (RMU) |
| v. | : : | Document No.: | 5 |
| FREEMAN-CARDER LLC, | : : | | |
| Defendant. | : : : | | |

**MEMORANDUM OPINION**

GRANTING THE PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT;
ASSESSING A $57,055.77 CIVIL PENALTY AGAINST THE DEFENDANT; AND DIRECTING THE
DEFENDANT TO SUBMIT TO AN AUDIT AND REMIT ALL NECESSARY CONTRIBUTIONS TO THE
PENSION FUND

I.  INTRODUCTION

This matter comes before the court on the plaintiffs' motion for entry of default judgment. The plaintiffs brought this action on December 4, 2006, alleging that the defendant, Freeman-Carder LLC, failed to properly report and make contributions to an employee pension fund. To date, the defendant has responded to neither the plaintiffs' complaint nor the notice of default entered on February 13, 2007. Accordingly, the court grants the plaintiffs' motion for entry of default judgment and assesses a civil penalty in the amount of $57,055.77 against the defendant. In addition, the court directs the defendant to submit to an audit and to remit to the plaintiffs any necessary contributions revealed by that audit.

## II.     BACKGROUND

The plaintiffs in this action are Carpenters Labor-Management Pension Fund ("Pension Fund"), a mutiemployer pension benefit plan, and Pension Fund trustees Douglas McCarron, Richard Arispe and Alan Chil'Coté.  Compl. ¶¶ 3-4.  The Pension Fund "provide[s] retirement benefits to eligible employees covered by collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America." *Id*. ¶ 5.  The defendant is bound by a collective bargaining agreement ("the collective bargaining agreement") with the Pension Fund and, according to the plaintiffs, has assumed reporting and contribution obligations pursuant to the agreement.  *Id*. ¶¶ 9-10.  The collective bargaining agreement binds the defendant to another agreement, the Pension Fund's Trust Agreement ("the trust agreement"). *Id*. ¶ 12.  The trust agreement, *inter alia*, sets forth the governing procedures if the defendant fails to comply.  *Id*. ¶¶ 15-23.

The plaintiffs allege that the defendant failed to properly report and make contributions as required by the collective bargaining agreement and the trust agreement.  *Id*. ¶ 25.  The parties reached a settlement on this issue on June 29, 2006.  *Id*. ¶ 26.  The defendant made only three payments toward satisfaction of the settlement, and it is in default on the balance.  *Id*. ¶ 27.  On September 21, 2006 and October 19, 2006, the plaintiff notified the defendant of its noncompliance.  *Id*.  Nevertheless, the defendant failed to remedy the contribution deficiency and pay accrued interest, and it currently owes the plaintiff $21,304.06 in principle.  *Id*. ¶ 28.

On December 4, 2006, the plaintiffs initiated this action to recover delinquent contributions to the Pension Fund and to seek liquidated damages, interest and other relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1002(2)(A)(1), ("ERISA").  Pls.'

Mot. for Default J. ("Pls.' Mot.") at 1. On December 27, 2006, the defendant received notice of the plaintiffs' complaint, Return of Service (Feb. 2, 2007), but it failed to respond. On February 12, 2007, the plaintiffs filed an affidavit in support of default, stating that the defendant has filed no pleadings, that it has not responded to the complaint, and that the time in which the defendant was to respond has expired. Quinn Aff. in Supp. of Default at 1-2. The plaintiffs subsequently moved for entry of default,[1] and on February 13, 2007, the Clerk of the Court entered default against the defendant. Entry of Default (Feb. 13, 2007). On June 22, 2007, the plaintiffs filed a motion for entry of default judgment against the defendant. Pls.' Mot. The court now turns to that motion.

### III.    ANALYSIS

#### A.    Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is

---

[1] Rule 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment. FED. R. CIV. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also* 10A FED. PRAC. & PROC. (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). First, after a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the clerk of the court enter default against that defendant. FED. R. CIV. P. 55(a). Second, following the clerk's entry of default, and when the plaintiff's claim is not for a sum certain, the plaintiff may apply to the court for entry of default judgment. *Id.* 55(b)(2). By providing for a two-step process, Rule 55 allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment. FED. R. CIV. P. 55(b), (c).

sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. FED. R. CIV. P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, default judgments are not favored by modern courts. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson*, 636 F.2d at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986). However, default does not establish liability for the amount of damages claimed by the plaintiff. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a

basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### B.   The Court Grants the Plaintiffs' Motion for Entry of Default Judgment Against the Defendant

The defendant received service of the complaint on December 27, 2006. Return of Service (Feb. 2, 2007). The defendant had until January 16, 2007 to respond to the complaint. *See id.* (giving the defendant 20 days from the date of service to answer the complaint); *see also* FED. R. CIV. P. 12(a)(1)(A). The defendant, however, failed to respond by the deadline and has not otherwise taken any action indicating an intent to defend itself in this matter. Although default judgment is not a favored course of action, the defendant's disregard of the judicial process has left the court with no alternative. *Jackson*, 636 F.2d at 835 (stating that although default judgments are not favored by the courts, they are appropriate when the adversary process has been halted because of an unresponsive party). Accordingly, the court grants the plaintiffs' motion and enters default judgment against the defendant. *Id.* at 836.

The defendant's default is an admission of liability for the well-pleaded allegations of the complaint. *Adkins*, 180 F. Supp. 2d at 17; *Int'l. Painters and Allied Trades Indus. Pension Fund v. R. W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (3d Cir. 1971)). The complaint alleges that the defendant failed to report or make contributions pursuant to the collective bargaining agreement and the trust agreement, violating the terms of both agreements. Compl. ¶ 25. The complaint also alleges that, in violating these agreements, the defendant violated ERISA, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the

terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The plaintiffs assert that the defendant currently owes $21,304.00 on the balance of the settlement, $2,087.40 for the interest on the unpaid settlement as of March 31, 2007, and $21,852.39 in contributions owed the Pension Fund. Pls.' Mot. at 2.

###     C.    The Court Determines that the Defendant is Liable for $57,055.77

Having granted judgment in favor of the plaintiffs, the court now calculates the amount of damages for which the defendant is liable. ERISA provides that the court, after granting judgment in favor of a multiemployer plan, must award the amount of unpaid contributions, the interest on unpaid contributions, reasonable attorney's fees and costs and other relief the court deems appropriate. 29 U.S.C. § 1132(g)(2).

"The unpaid contributions, interest, and liquidated damages generally are considered 'sums certain' pursuant to the calculations mandated in ERISA and the parties' agreements." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002) (quoting *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984)). In this case, the plaintiffs itemize sums certain as follows for a total of 51,480.77:

- Balance of Settlement                     $21,304.00
- Interest on Unpaid Settlement             $2,087.40
- Contributions owed to Pension Fund        $21,852.39
- Liquidated Damages                        $4,995.90
- Interest on Unpaid contributions          $1,241.08

The plaintiffs also request that the court award reasonable attorneys' fees. As stated, ERISA provides that a court "shall" award reasonable attorneys' fees when it enters judgment in favor of a multiemployer plan, but rather than being a sum certain, the amount of attorneys' fees

is a "'judgment call' which only the [c]ourt can make." *Flynn*, 237 F. Supp. 2d at 70.  In support of their request for attorneys' fees, the plaintiffs submit the affidavits of Brian Quinn, Margaret Gifford and Roberta Olson, representing that they accrued charges of $5,575.00 from February 2006 through April 2007.  Pls.' Mot. Ex. 4 ("Quinn Aff.") ¶ 4.  The court has reviewed the itemized expenses, and it concludes that they are reasonable.  *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1265 (D.C. Cir. 1993) (stating that "[w]hen awarding attorneys' fees, federal courts have a duty to ensure that claims for attorneys' fees are reasonable") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Therefore, the court adds the plaintiffs' claimed $5,575.00 in attorneys fees to the $51,480.77 for a total of $57,055.77.

### D.  The Court Grants the Plaintiffs' Request for Injunctive Relief

The plaintiffs request that the court require the defendant to submit to an audit for the time periods covered by the collective bargaining agreement that have not previously been audited and to remit any paid contributions discovered in that audit.  Pls.' Mot. at 6.  ERISA provides that a court may grant the plaintiffs "such other legal or equitable relief as [it] deems appropriate."  29 U.S.C. § 1132(g)(2)(E).  This provision allows the court to construct appropriate remedies which may "include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records."  *Flynn*, 237 F. Supp. 2d at 70 (quoting *Mason Tenders Dist. Council Welfare Fund. v. Bold Constr. Co.*, 2002 WL 1788024, at *3 (S.D.N.Y. Aug. 1, 2002)).  Because the defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process, the court concludes that the injunctive relief the plaintiff requests is appropriate.  *Int'l Painters & Allied Trades Industry Pension Fund v. Newburgh*, 468 F. Supp. 2d 215, 218 (D.D.C. 2007).  The court directs

the defendant to permit, and cooperate with, an audit of its books and records for the time periods under the collective bargaining agreement that have not yet been audited and to remit contributions revealed by that audit.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiffs' motion for entry of default judgment and assesses a civil penalty in the amount of $57,055.77 against the defendant. The defendant is directed to permit, and cooperate with, an audit of its books and records for the specified time periods and to remit contributions revealed by that audit. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 2nd day of August, 2007.

RICARDO M. URBINA<br>
United States District Judge